NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2284
_____

UNITED STATES OF AMERICA

v.

ARTHUR EUGENE FRISBY,
also known as FATS

Arthur Eugene Frisby,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cr-00084-001)
District Judge:  Honorable William H. Yohn
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2012

Before:  FISHER and GREENBERG, *Circuit Judges*, and OLIVER,[*] *District Judge*.

(Filed: August 14, 2012 )
_____

OPINION OF THE COURT
_____

_____

[*] The Honorable Solomon Oliver, Jr., Chief Judge of the United States District
Court for the Northern District of Ohio, sitting by designation.

FISHER, *Circuit Judge*.

Arthur Frisby ("Frisby") appeals his judgment of conviction and sentence based on the District Court's denial of his motion to suppress the physical evidence and his statement to the police as well as the denial of his motion for a new trial. For the reasons stated below, we will affirm the District Court's judgment.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On February 17, 2010, a grand jury in the Eastern District of Pennsylvania indicted Frisby for possession of marijuana with intent to distribute for remuneration, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count One), possession of marijuana with intent to distribute for remuneration, within 1,000 feet of a public housing facility, in violation of 21 U.S.C. § 860(a) (Count Two), possession of cocaine, in violation of 21 U.S.C. § 844(a) (Count Three), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e) (Count Five).

Prior to his trial, Frisby moved to suppress the physical evidence seized from him as well as his statement to the police. At the suppression hearing, Captain Joseph Massi ("Massi") of the City of Chester Police Department testified that on the night of October 30, 2009, he and State Trooper Michael McKeon ("McKeon") were patrolling

the Matopos Hills Housing Development in light of the recent shootings and two homicides in the area. As a twenty-two year veteran of the Chester Police Department, Massi also knew the area to be an "open-air" drug market. He testified that as he and McKeon walked towards a group of individuals during the patrol, several of the individuals walking behind Frisby scattered in various directions, and Frisby, looking surprised, immediately put his hands into the front pockets of his hooded sweatshirt. Massi said that as he walked closer towards Frisby, he observed a bulge on Frisby's hip and Frisby tucking his right elbow against his hip. Massi said that when he asked Frisby if he had "anything" on him, Frisby let out a sigh and replied, "I have everything." Massi went on to testify that he was concerned that Frisby might be armed, so he instructed Frisby to remove his hands from the pockets of his hooded jacket, took control of Frisby's arms, and separated him from the group. He then placed Frisby against a wall and performed a pat-down search.

Massi also testified to the following facts: during the pat-down, he felt a hard, L-shaped object in Frisby's waistband, which he believed to be a firearm; after removing the object, Massi discovered it was a loaded Smith and Wesson .40 caliber semiautomatic handgun; upon securing the firearm, he continued to search Frisby and recovered a black plastic bag, which contained thirty-four small plastic packets of marijuana; he also recovered two small packets of cocaine, unused narcotics packaging material, a cell phone, and bundles of currency. Frisby was then taken into custody.

In contrast to Massi's testimony, Frisby testified that Massi "immediately seized" him before asking any questions and that Massi recovered the drugs from his sweatshirt before recovering the firearm. At the conclusion of the hearing, the District Court credited the testimony of Massi over that of Frisby and denied the motion to suppress.

On December 8, 2010, the jury convicted Frisby on all five counts. Frisby moved for a new trial on the ground that the prosecutor made improper statements during his closing argument that prejudiced the jury. The District Court denied the motion and sentenced Frisby to 262 months' imprisonment and five years of supervised release.

## II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We review a district court's denial of a motion to suppress for clear error as to the underlying factual findings, but exercise plenary review over its application of the law to those facts. *United States v. Tracey*, 597 F.3d 140, 146 (3d Cir. 2010). With respect to alleged prosecutorial misconduct underlying the motion for a new trial, we review rulings on contemporaneous objections for abuse of discretion and rulings on any non-contemporaneous objections for plain error. *United States v. Brennan*, 326 F.3d 176, 182 (3d Cir. 2003).

III.

A.

Frisby challenges the District Court's denial of his motion to suppress on two grounds. First, he submits that the District Court erred in crediting the testimony of Massi when making its findings of fact surrounding the encounter between Massi and Frisby. Second, he argues that even assuming the truth of the facts to which Massi testified, his inculpatory statement and the physical evidence were obtained in violation of his constitutional rights and should be suppressed.

We reject Frisby's first contention relating to the District Court's findings of fact. Factual findings will be deemed clearly erroneous when the reviewing court, based "on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (citation and internal marks omitted). We give "even greater deference to the trial court's findings" when they are based on credibility determinations. *Anderson v. City of Bessemer*, 470 U.S. 564, 575 (1985). When "a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Id.* at 575-76.

Frisby fails to show how Massi's testimony was incoherent, facially implausible, contradicted by extrinsic evidence, or internally inconsistent. His argument that Massi

4

would not have been able to see the firearm in his waistband is devoid of any evidentiary support. His proposition that had Massi seen the firearm, he would have concentrated on securing the firearm rather than questioning Frisby, is plausible, but insufficient to show that Massi's testimony, which stated he questioned Frisby *before* securing the firearm, was implausible or internally inconsistent. We also reject Frisby's argument that the District Court discredited his testimony simply because he conducted independent legal research. Rather, a review of the hearing transcript reveals that the District Court recognized that, given Frisby's prior research and the specific use of the word "seized" during his testimony, Frisby may have tailored his testimony to favor his legal position. It was well within the District Court's discretion to make such credibility determinations. *See Anderson*, 470 U.S. at 573. And where, as here, two plausible versions of the same incident are presented, the District Court's factual findings based on credibility determinations will not be disturbed.

We also reject Frisby's second contention. With respect to Frisby's statement that he has "everything" in response to Massi's questioning, we agree that the District Court properly denied the motion to suppress. Courts must exclude testimonial evidence obtained while a suspect is (1) in custody and (2) subject to interrogation, if the police failed to provide *Miranda* warnings, which ensures that the statement was not obtained in violation of the suspect's Fifth Amendment right against compelled self incrimination. *See Pennsylvania v. Muniz*, 496 U.S. 582, 590 (1990). At the time Frisby made the

5

statement in response to Massi's questioning, he was free to leave and had not been "taken into custody or otherwise deprived of his freedom of action in any significant way." *Oregon v. Mathiason*, 429 U.S. 492, 494 (1977) (citation omitted). Thus, the absence of *Miranda* warnings does not affect the admissibility of Frisby's inculpatory statement, and the District Court did not err in denying his motion to suppress the same.

We also agree that the District Court properly denied the motion to suppress with respect to the physical evidence obtained after the pat-down search. The Fourth Amendment prohibits unreasonable searches and seizures, *United States v. Price*, 558 F.3d 270, 277 (3d Cir. 2009) (citation omitted), but a police officer may conduct a brief, investigatory stop of a person when an officer has reasonable suspicion, based on "specific and articulable facts" and "rational inferences from those facts," that criminal activity may be afoot. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). And during an investigatory stop, an officer may conduct a pat-down search for weapons if there is reasonable suspicion to believe that the person is armed and dangerous. *See id.* at 24.

The District Court properly suppressed the physical evidence found on Frisby because there was reasonable suspicion to conduct an investigatory and pat-down search. Under a totality of circumstances, given Massi's twenty-two years of experience in the Chester Police Department and familiarity with the area, Frisby's location near a housing development known to be rife with drug trafficking and shootings, Frisby's startled demeanor at seeing uniformed officers, the quick insertion of his hands into his pocket,

and his voluntary statement, "I have everything," there was reasonable suspicion that Frisby was armed. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002); *Johnson v. Campbell*, 332 F.3d 199, 206 (3d Cir. 2003). Accordingly, the District Court did not err in denying Frisby's motion to suppress.

B.

Frisby next contends that the prosecutor made four improper and prejudicial comments in his closing statement. As to the first comment where defense counsel made a contemporaneous objection, which is reviewed for an abuse of discretion, "a finding of prosecutorial misconduct requires reversal unless the error is harmless." *United States v. Brennan*, 326 F.3d 176, 182 (3d Cir. 2003). A non-constitutional error is harmless when, "in light of the record as a whole[,] . . . it is highly probable that the error did not contribute to the judgment." *United States v. Zahrbach*, 47 F.3d 1252, 1265 (3d Cir. 1995) (internal marks, citation, and emphasis omitted). With respect to the remaining three statements, where there was no contemporaneous objection, Frisby must establish that (1) the error was plain or obvious and (2) the error affected the substantial rights of the defendant, *i.e.*, affected the outcome of the district court proceeding. *Brennan*, 326 F.3d at 182 n.2.

In the first allegedly improper statement, the prosecutor referenced his experience in an unrelated capital murder case to explain that the absence of fingerprints on the firearm was insignificant. Though the Government concedes that the comment was

7

improper, we hold that it was harmless because the prosecutor ceased to make such remarks after the objection was sustained and the Court instructed the jury that the lawyers' arguments were not evidence. *See United States v. Lee*, 612 F.3d 170, 195-96 (3d Cir. 2010). Viewed in light of the strong evidence presented by Massi's testimony with respect to Frisby's firearm possession, it is "highly probable that the error did not contribute to the judgment," *Zahrbach*, 47 F.3d at 1265, and thus was harmless.

Further, the other three statements to which Frisby takes issue on appeal did not constitute plain error. Even if, as the Government concedes, the prosecutor's statements regarding his personal opinion as well as the opinion of others were improper,[1] we cannot find that the error affected the outcome of the trial. The central issue of the case turned on Massi's credibility, and Frisby failed to prove that but for the statements regarding the prosecutor's personal opinion and experience, he would have been acquitted. Accordingly, the District Court did not err in denying Frisby's motion for a new trial.

IV.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[1] During the closing argument, the prosecutor stated that "[a]ny fingerprints that are on the gun at that point in time, I reasonably can't see it nor can Captain Massi." He also asserted that he and his colleagues "complain all the time . . . about shows like CSI and all these investigative shows, because they're not real. They're not accurate about what reality is." Moreover, during his rebuttal closing statement, the prosecutor attempted to explain the reason Massi failed to recall a prior encounter he had with Frisby by contrasting the prosecutor's own difficulty remembering people with his wife's superior memory.